UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JASON WYATT ENGEL,<br><br>Plaintiff,<br><br>v.<br><br>FMR LLC<br>d/b/a Fidelity Investments,<br><br>Defendant. | Case No. 26-cv-11558<br><br>Honorable Robert J. White |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN UNTIMELY MOTION FOR RECONSIDERATION AND DENYING HIS MOTION FOR RECONSIDERATION AND REQUEST FOR REASSIGNMENT**

Before the Court are Plaintiff Jason Wyatt Engel's motion for leave to file an untimely motion for reconsideration (ECF No. 11) and his motion to reconsider the May 19, 2026 companion case designation and reassign this action (ECF No. 12). Engel maintains that this action and Case No. 26-10538 involve materially different defendants, claims, and evidence and asks that this action be returned to the Court's ordinary assignment procedures. (ECF No. 12-1, PageID.105–106). For the following reasons, the Court will grant Engel's motion for leave and deny his motion for reconsideration and request for reassignment.

Engel acknowledges that his motion falls outside the fourteen-day period prescribed by Local Rule 7.1(h)(2). He attributes the delay to financial hardship, limited access to court records, and unfamiliarity with the procedural requirements governing reconsideration. (ECF No. 11, PageID.95–96). Considering these circumstances, the absence of an appearance by Defendant, and the limited procedural relief requested, the Court finds excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B) and grants leave to file the motion out of time. Reconsideration, however, is unwarranted.

Motions for reconsideration of nonfinal orders are disfavored. E.D. Mich. LR 7.1(h)(2). A party seeking reconsideration based on a mistake must establish that the Court made a mistake based on the record and law before it at the time of the decision and that correcting the mistake would change the outcome. E.D. Mich. LR 7.1(h)(2)(A).

Local Rule 83.11(b)(7) governs companion case designations. Parties must bring companion cases to the Court's attention through the civil case cover sheet or electronic filing system, but the determination whether cases are companions rests with the judges. E.D. Mich. LR 83.11(b)(7)(C)–(D). As this Court explained in *Darwich v. City of Dearborn*, No. 10-14073, 2011 WL 1810146, at *1 (E.D. Mich. May 12, 2011), "[r]eassignment decisions lie within the collective discretion of the judge to whom the case is assigned and the judge having the earlier case number."

The rule does not invite litigants to seek reassignment by motion. *Id.* The Sixth Circuit likewise reviews a district court's decision whether to reassign a companion case for an abuse of discretion. *Jones v. City of Allen Park*, 167 F. App'x 398, 409 (6th Cir. 2006).

Engel argues that this action concerns Fidelity's administration of his retirement account, while the Alta action principally concerns his employment and termination. He maintains that the actions involve separate defendants, distinct legal obligations, and different principal evidence. (ECF No. 12-1, PageID.105–106). But those distinctions do not themselves preclude companion case treatment. Local Rule 83.11(b)(7)(A)(i) separately permits that designation when substantially similar evidence will be offered at trial; it does not require identical defendants, claims, or legal duties. Nor does it require that resolving one action depend on adjudicating the claims in the other.

Engel acknowledges that his retirement account arose through his employment with Alta and that evidence concerning his employment and termination overlaps between the actions. (ECF No. 12-1, PageID.103, 105–106). His emphasis on the differences between the defendants' alleged obligations does not demonstrate that the Court mistakenly designated the actions as companions. The relevant judges determined that companion case treatment was appropriate, and

Engel has not established a mistake warranting reconsideration of that determination. Accordingly,

IT IS ORDERED that Plaintiff's motion for leave to file an untimely motion for reconsideration (ECF No. 11) is GRANTED. The Court accepts his motion for reconsideration (ECF No. 12) as filed.

IT IS FURTHER ORDERED that Plaintiff's motion for reconsideration of companion case designation and request for reassignment (ECF No. 12) is DENIED.

IT IS SO ORDERED.

Dated: November 16, 2026

s/Robert J. White
Robert J. White
United States District Judge