UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JASON WYATT ENGEL,<br><br>Plaintiff,<br><br>v.<br><br>FMR LLC<br>d/b/a Fidelity Investments,<br><br>Defendant. | Case No. 26-cv-11558<br><br>Honorable Robert J. White |

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND MOTION FOR LEAVE TO AMEND AND DISMISSING THE ACTION WITHOUT PREJUDICE**

I. Introduction

Before the Court are *pro se* Plaintiff Jason Wyatt Engel's application to proceed *in forma pauperis* and motion for leave to file a second amended complaint against FMR LLC d/b/a Fidelity Investments (Fidelity). Engel alleges that Fidelity improperly withheld approximately $3,200 from his employer-sponsored retirement funds, refused to recognize his asserted non-U.S. tax status, and failed to adequately respond to his requests for correction and an accounting. For the following reasons, the Court will (1) grant Engel's application to proceed *in forma pauperis*; (2) grant leave to file the second amended complaint; (3) deny his earlier request for leave to amend as moot; (4) grant Engel's requests to submit exhibits and consider the

relevant exhibits in screening the second amended complaint; and (5) dismiss the second amended complaint without prejudice.

## II. Background

### A. *Factual History*

Engel began working for Alta Equipment Group in July 2024 and participated in its employer-sponsored 401(k) retirement plan. (ECF No. 10-1, PageID.73–74, ¶¶ 35–40). Fidelity administered or serviced Engel's retirement account under the Alta Equipment Co. Plan, Plan No. 99293. (ECF No. 10-1, PageID.74, ¶¶ 39–40; ECF No. 6, PageID.36).

During his employment, Engel completed tax documents concerning his compensation and asserted tax status, including a Form W-4 claiming exemption from withholding and a Form W-8BEN[1] dated February 18, 2025. (ECF No. 10-1, PageID.74, ¶¶ 41–45; ECF No. 6, PageID.37-39). On the W-8BEN, Engel identified his country of citizenship as "Michigan Republic" and listed a residential address in Dearborn Heights, Michigan, with "USA" as the country. (ECF No. 6, PageID.39). He claimed a zero-percent withholding rate based on the Constitution and his asserted status as a private citizen. (*Id.*).

[1] Form W-8BEN is used by nonresident-alien individuals to certify foreign status for federal tax withholding purposes and, where applicable, claim tax-treaty benefits. *See* Internal Revenue Serv., *Instructions for Form W-8BEN* (Oct. 2021), https://www.irs.gov/pub/irs-pdf/iw8ben.pdf.

After his employment at Alta ended, Engel sought access to his retirement funds and disputed Fidelity's tax withholding of approximately $3,200. (ECF No. 10-1, PageID.75, ¶¶ 48–51). He alleges that the dispute concerned Fidelity's treatment of his tax documents and account classification, rather than a request to disregard otherwise applicable withholding requirements. (*Id.* at ¶¶ 47, 49–51).

Engel attempted to resolve the dispute through telephone communications with Fidelity on August 29, September 2, and September 5, 2025. (*Id.* at PageID.75–76, ¶¶ 52–55). Telephone screenshots reflect outgoing calls lasting approximately fifty-one, twelve, and sixteen minutes, respectively. (ECF No. 8, PageID.59–61). According to Engel, Fidelity representatives told him during those calls that Fidelity possessed his W-8BEN and that the form had been properly completed. (ECF No. 10-1, PageID.76, ¶ 55).

On September 15, 2025, Fidelity sent Engel a letter acknowledging receipt of his request to update his account information based on his W-8BEN but declining to complete it. (ECF No. 6, PageID.36). Fidelity explained that the submitted W-8BEN was "only for non-U.S. citizens," that the address on the form did not match the U.S. address on file, and that completing the requested update required a non-U.S. address on file. (*Id.*). The letter directed Engel to contact a service representative with further questions. (*Id.*).

Engel subsequently sent written notice to FMR LLC's legal department demanding return of the $3,200 and correction of his account classification. (ECF No. 5, PageID.22–26). In an accompanying declaration, Engel asserted that Fidelity disregarded his claimed non-U.S. status and improperly presumed that he possessed "Fourteenth Amendment commercial citizenship," which he maintained he had never consented to or contracted into. (*Id.* at PageID.23). He also relied on a purportedly recorded affidavit repudiating U.S. citizenship and corporate status. (*Id.* at PageID.24). Postal records reflect that the mailing addressed to FMR LLC's legal department was picked up in Boston on November 3, 2025. (*Id.* at PageID.27).

Engel seeks recovery of retirement funds allegedly due, an accounting, correction of account records, and monetary and equitable relief arising from Fidelity's handling of his retirement account. (ECF No. 10-1, PageID.85–86).

B. *Procedural History*

On May 11, 2026, Engel commenced this action against Fidelity and applied to proceed *in forma pauperis*. (ECF Nos. 1-2). He subsequently moved for leave to submit exhibits concerning his communications with Fidelity, tax documents, regulatory complaints, and participation in Alta's retirement plan, and for leave to amend his complaint. (ECF Nos. 5-8, 10).

Engel's latest amendment motion seeks leave to file a second amended complaint and an updated damages schedule. (ECF No. 10). He explains that the

proposed pleading clarifies the factual chronology, identifies the statutory basis for his ERISA claims, and organizes allegations concerning Fidelity's handling of his retirement funds. (*Id.* at PageID.64–65). The Court will grant that motion and treat the second amended complaint (ECF No. 10-1) as the operative pleading for screening. This renders Engel's earlier motion for leave to amend his complaint (ECF No. 7) moot.

The second amended complaint names FMR LLC d/b/a Fidelity Investments as the sole defendant and asserts five counts: (1) breach of fiduciary duty and improper plan administration under 29 U.S.C. §§ 1104 and 1132; (2) failure to provide benefits and enforcement of rights under the plan under § 1132(a)(1)(B); (3) breach of contract and plan-related obligations; (4) equitable accounting and restitution; and (5) equitable relief under § 1132(a)(3). (ECF No. 10-1, PageID.77–83, ¶¶ 68–111). The latter three counts are pleaded in the alternative. (*Id.* at PageID.80–83).

The Court will also grant Engel's requests to submit exhibits (ECF Nos. 5, 6, 8, 10) and consider the relevant materials in screening the second amended complaint. Having granted Engel's application to proceed *in forma pauperis*, the Court now screens the second amended complaint.

III. Legal Standard

*Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss an *in forma pauperis* complaint if it:

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims "based on an indisputably meritless legal theory" or "clearly baseless" factual allegations. *Id*. at 327.

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotation marks omitted).

## IV. Analysis

As explained above, the Court grants Engel's latest motion for leave to amend (ECF No. 10) and treats his second amended complaint (ECF No. 10-1) as the operative pleading for screening. The Court first addresses his ERISA claims and then considers his remaining claims and requests for relief.

### A. *ERISA Claims*

Engel asserts claims for breach of fiduciary duty, recovery of benefits, and equitable relief under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* (ECF No. 10-1, PageID.77–80, 82–83). The Court addresses each claim in turn.

1. Count I: Breach of Fiduciary Duty

A breach of fiduciary duty claim under ERISA requires a showing that "(1) the defendant is a plan fiduciary; (2) the defendant breached its fiduciary duty; and (3) the breach resulted in harm to the plaintiff." *Chelf v. Prudential Ins. Co. of Am.*, 31 F.4th 459, 464 (6th Cir. 2022). Even assuming Fidelity acted as a fiduciary with respect to the challenged conduct, Engel has not plausibly alleged an actionable breach.

A. *Tax Withholding and Account Classification*

Engel alleges that Fidelity breached its fiduciary duty by improperly withholding approximately $3,200 from his retirement funds and refusing to update his account to reflect the non-U.S. tax status he claimed on his W-8BEN. (ECF No. 10-1, PageID.75–76, ¶¶ 49–50, 57–59; PageID.78, ¶¶ 72–75).

The incorporated exhibits explain why Engel considers that treatment improper. In his written notice to Fidelity, Engel asserted that it had disregarded his claimed non-U.S. status and improperly presumed that he possessed "Fourteenth Amendment commercial citizenship," which he maintained he had never consented

to or contracted into. (ECF No. 5, PageID.23). The W-8BEN Engel submitted to Fidelity identified his country of citizenship as "Michigan Republic," listed a Michigan residential address with "USA" as the country, and claimed a zero-percent withholding rate based on the Constitution and his asserted private-citizen status. (ECF No. 6, PageID.39). He also relied on an affidavit purporting to repudiate U.S. citizenship and corporate status and demanded return of the $3,200 and correction of his account classification. (ECF No. 5, PageID.24).

These assertions, however, do not establish that Fidelity improperly refused to treat Engel as a foreign person for tax purposes. Form W-8BEN is used to establish qualifying foreign status and, where applicable, claim tax-treaty benefits—its instructions expressly state that U.S. citizens and other U.S. persons should not use it.[2] Nor does a declaration of exclusive state citizenship establish exemption from federal taxation. *See* Rev. Rul. 2007-22, 2007-14 I.R.B. 866. Engel identifies no basis for challenging the withholding other than his assertion that Fidelity should have treated him as a non-U.S. person. (ECF No. 10-1, PageID.75, ¶¶ 47, 50–51; ECF No. 5, PageID.23–24). Because he alleges no valid basis for that treatment, he has not plausibly alleged that Fidelity breached a fiduciary duty by refusing his requested classification or withholding the disputed funds.

---

[2] *See* Internal Revenue Serv., *Instructions for Form W-8BEN* (10/2021), https://www.irs.gov/instructions/iw8ben.

B. *Failure to Explain or Account for the Withholding*

Engel further alleges that Fidelity breached its fiduciary duty by failing to adequately explain or account for the disputed withholding despite his repeated requests. (ECF No. 10-1, PageID.78–79, ¶¶ 75–78; PageID.82, ¶ 102).

A fiduciary responding to a beneficiary's inquiry, with knowledge of the beneficiary's circumstances, has a duty to provide "complete and accurate information material to the beneficiary's circumstance." *James v. Pirelli Armstrong Tire Corp.*, 305 F.3d 439, 452 (6th Cir. 2002) (quoting *Krohn v. Huron Mem'l Hosp.*, 173 F.3d 542, 547 (6th Cir. 1999)). Engel must therefore allege sufficient facts to support a reasonable inference that Fidelity omitted material information or provided materially misleading answers in responding to his requests. *See James*, 305 F.3d at 452; *Chelf*, 31 F.4th at 467–68. A conclusory characterization of Fidelity's response as inadequate does not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Chelf*, 31 F.4th at 467–69 (affirming dismissal of disclosure allegations unsupported by facts showing a material omission, misleading communication, or disclosure obligation imposed by the plan).

Here, the only written response from Fidelity identified in the complaint is its September 15, 2025 letter addressing Engel's requested tax-status update. Fidelity explained that it received Engel's W-8BEN but declined the update because (1) the form is only for non-U.S. citizens, (2) the address on the form did not match the U.S.

address on file, and (3) Fidelity required a non-U.S. address to process the form. (ECF No. 6, PageID.36). Engel's subsequent written notice disputed that explanation and demanded recognition of his asserted non-U.S. status and return of the withheld funds. (ECF No. 5, PageID.23–24). Although Engel disputes Fidelity's stated reasons for declining the update, he identifies no material information missing from its explanation or any respect in which that explanation was materially inaccurate or misleading. *See Chelf*, 31 F.4th at 467–68.

Engel also alleges that Fidelity failed to provide an "adequate substantive resolution, reconciliation, or accounting" despite his repeated requests. (ECF No. 10-1, PageID.78–79, ¶¶ 75–78). Although he identifies transaction records he seeks through this action, he describes his prior inquiries only generally as requests for "explanation, correction, and reconciliation." (*Id.* at PageID.82, ¶¶ 102–104). He does not describe those inquiries sufficiently to show what material account information he sought and Fidelity failed to provide or that Fidelity materially misled him in its response. His general allegation that Fidelity's response was inadequate therefore does not supply enough factual context to support a reasonable inference that Fidelity breached its informational duty. *See Iqbal*, 556 U.S. at 678–79; *Chelf*, 31 F.4th at 467–69.

C. *Representations Concerning the W-8BEN*

Engel further alleges that, prior to Fidelity's September 15, 2025 correspondence, Fidelity representatives told him over the phone that Fidelity possessed his W-8BEN and that the form had been properly completed. (ECF No. 10-1, PageID.76, ¶ 55). To the extent he bases his fiduciary-breach claim on those statements, he must plausibly allege that (1) the representatives acted in a fiduciary capacity, (2) their statements constituted material misrepresentations, and (3) he relied on those statements to his detriment. *James*, 305 F.3d at 449. Even assuming the first two elements are satisfied, Engel does not identify any action he took or refrained from taking in reliance on the statements or explain how that reliance injured him. He therefore has not plausibly alleged detrimental reliance. *See id.*

To the extent Engel seeks surcharge based on these statements, the absence of detrimental reliance is not independently dispositive because that remedy requires actual harm and causation. *See CIGNA Corp. v. Amara*, 563 U.S. 421, 443–44 (2011). But Engel alleges no facts explaining how the representatives' statements that Fidelity possessed a properly completed form caused the withholding, prolonged any loss of access to his funds, or otherwise caused the injuries he identifies. (ECF No. 10-1, PageID.83–84, ¶¶ 112–117). He therefore has not plausibly alleged harm resulting from those statements. *See Amara*, 563 U.S. at 444; *Chelf*, 31 F.4th at 464.

Accordingly, Count I fails to state a claim.

2. Count II: Recovery of Benefits

Section 1132(a)(1)(B) permits a plan participant to recover benefits due under the plan, enforce rights under its terms, or clarify rights to future benefits. 29 U.S.C. § 1132(a)(1)(B). Engel alleges that Fidelity's handling of his retirement funds impaired his ability to receive or use benefits to which he was entitled under the plan, and he requests to recover "any benefits determined to be due." (ECF No. 10-1, PageID.80, ¶¶ 83–90).

Engel does not, however, allege facts showing that Fidelity failed to provide benefits owed under the plan. He identifies approximately $3,200 in disputed withholding yet supplies no basis for concluding that this amount remained payable to him as a plan benefit rather than subject to tax withholding. (*Id.* at ¶¶ 85–89). As explained above, his asserted non-U.S. status does not establish entitlement to different tax treatment. *See* Rev. Rul. 2007-22, 2007-14 I.R.B. 866. Nor does he allege a separate calculation error, denial of a requested distribution, or other failure to honor a right under the plan.

His general request for benefits "due" does not cure the absence of facts supporting an entitlement to them. Count II therefore fails to state a claim.

3. Count V: Equitable Relief

Section 1132(a)(3) authorizes appropriate equitable relief to redress violations of ERISA or enforce statutory or plan obligations. 29 U.S.C. § 1132(a)(3). Engel

invokes that provision to seek an accounting, correction of account records, surcharge, and other equitable remedies. (ECF No. 10-1, PageID.83, ¶¶ 107–111). Section 1132(a)(3) does not authorize equitable relief "in the abstract"; a plaintiff must first establish that a defendant violated ERISA or the governing plan. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 556-57 (6th Cir. 2012). Thus, Engel's requests depend on a plausibly alleged statutory or plan violation.

Count V relies on the same handling of Engel's tax documents, disputed withholding, and requests for explanation and correction addressed in Counts I and II. (ECF No. 10-1, PageID.83, ¶¶ 107–109). It identifies no additional conduct constituting a statutory or plan violation. Because the underlying allegations fail to state such a violation for the reasons explained above, Engel's requests for equitable remedies do not independently sustain a claim. *See Cataldo*, 676 F.3d at 556-57. Count V therefore fails to state a claim.

B. *Remaining Claims and Requests for Relief*

Engel's remaining counts assert breach of contract and plan-related obligations (Count III) and equitable accounting and restitution (Count IV), both pleaded in the alternative. (ECF No. 10-1, PageID.80–82, ¶¶ 91–105). To the extent Count IV seeks relief under ERISA, it fails for the reasons explained above: Engel has not plausibly alleged an underlying statutory or plan violation supporting that relief. *See Cataldo*, 676 F.3d at 556-57.

To the extent Counts III and IV assert state-law claims, the Court may decline to exercise supplemental jurisdiction after dismissing Engel's federal claims. 28 U.S.C. § 1367(c)(3). When all federal claims disappear before trial, the balance of considerations ordinarily favors dismissal of the remaining state-law claims. *See Gaff v. Fed. Deposit Ins. Corp.*, 814 F.2d 311, 319 (6th Cir. 1987) ("It is generally recognized that where . . . federal issues are dismissed before trial, district courts should decline to exercise pendent jurisdiction over state law claims."); *see also Stanley v. W. Mich. Univ.*, 105 F.4th 856, 867 (6th Cir. 2024).

That approach is appropriate here. The action remains at the screening stage, and the Court has not adjudicated the merits of Engel's state-law claims. Judicial economy, convenience, fairness, and comity favor allowing the state courts to resolve those claims. *See Williams v. Addison Cmty. Schs.*, 168 F.4th 791, 794–95 (6th Cir. 2026). The Court therefore declines supplemental jurisdiction over the remaining state-law claims in Counts III and IV and dismisses them without prejudice. Accordingly,

IT IS HEREBY ORDERED that Engel's application to proceed without prepaying fees or costs (ECF No. 2) is GRANTED. Engel may proceed without prepayment of the filing fee.

IT IS FURTHER ORDERED that Engel's motion for leave to file a second amended complaint and an updated damages schedule (ECF No. 10) is GRANTED. The second amended complaint (ECF No. 10-1) is deemed filed and is the operative complaint.

IT IS FURTHER ORDERED that Engel's earlier motion for leave to amend (ECF No. 7) is DENIED AS MOOT.

IT IS FURTHER ORDERED that Engel's motions for leave to submit exhibits (ECF Nos. 5, 6, 8) are GRANTED.

IT IS FURTHER ORDERED that Counts I, II, and V, and Count IV to the extent it seeks relief under ERISA, are DISMISSED WITHOUT PREJUDICE for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii).

IT IS FURTHER ORDERED that the Court DECLINES to exercise supplemental jurisdiction over the remaining state-law claims in Counts III and IV under 28 U.S.C. § 1367(c)(3). Those claims are DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: November 16, 2026

s/Robert J. White
Robert J. White
United States District Judge